UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
TRUSTEES OF THE NORTHEAST CARPENTERS
HEALTH, PENSION, ANNUITY, APPRENTICESHIP,
and LABOR MANAGEMENT COOPERATION
FUNDS,

                         Petitioners,

    -against-

THE ESPINOSA GROUP, INC.

                         Respondent.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**
17-cv-3257 (DRH)(GRB)

**APPEARANCES:**

**For Petitioners:**
Virginia & Ambinder LLP
40 Broad Street
New York, NY 10004
By:    Nicole Marimon, Esq.

**HURLEY, Senior District Judge:**

      Petitioners, Trustees of the Northeast Carpenters Health, Pension, Annuity, Apprenticeship, and Labor Management Cooperation Funds (the "Trustees" or "Petitioners") commenced this proceeding on May 31, 2017, to confirm and enforce an Arbitrator's Award rendered on April 28, 2017, against Respondent The Espinosa Group, Inc. ("Espinosa") pursuant to a collective bargaining agreement ("CBA") between Espinosa and the Northeast Regional Council of Carpenters ("Union"). For the reasons that follow, the petition is granted.

## BACKGROUND

The following facts are taken from the Amended Petition ("Am. Petition") and exhibits thereto, which stand undisputed in that no response to the petition has been filed and the time in which to do so has expired. In light of Espinosa's failure to appear or respond, on January 5, 2018, Petitioners asked this Court to deem the amended petition an unopposed motion for summary judgment.

Espinosa is a New Jersey corporation with its principal place of business at 326 Hackensack Street, Carlstadt, New Jersey 0702. (Am. Petition ¶ 6.) On or about January 7, 2016, Espinosa entered into a short form agreement ("Short Form Agreement") with the Union consenting to "be bound by every applicable current collective bargaining agreement" between the Union and the members contractor associations, "governing wages, working conditions and payment to fringe benefit funds applicable to the construction site location where the work is being performed[.]" (*Id.* ¶¶ 7–8.) The Short Form Agreement further provides that it "shall continue in effect for the duration of the above-referenced applicable collective bargaining agreements, whether renewed by renegotiations or otherwise, including any amendments and/or modifications thereto[.]" (*Id.* ¶ 10.) Espinosa performed work in areas covered by the Southeast Region Agreement and the Northwest Region Agreement, and was bound to the relevant agreements for those areas. (*Id.* ¶ 9.) Espinosa further agreed to be bound to a project labor agreement ("PLA") for work performed on the Rivers Casino at Mohawk Project. (*Id.* ¶ 13.) The applicable CBAs required Espinosa to make contributions to the Employee Retirement Income Security Act ("ERISA") funds for all work carried out in the Union's geographic jurisdiction. (*Id.* ¶ 14.)

The Trustees established a Joint Policy for Collection of Delinquent Contributions ("Collection Policy"), which establishes an interest rate of 0.75% per month on unpaid sums. (*Id.* ¶¶ 16–17.) The Collection Policy provides that "in the event an employer fails to remit contributions to the Funds, the matter shall be sent to arbitration before the Funds' designated arbitrator." (*Id.* ¶ 20.) The Collection Policy further provides that "the employer shall be liable for all costs incurred in collecting delinquent contributions," in addition to liquidated damages at a rate of 20% of the delinquent contributions. (*Id.* ¶¶ 18, 21.)

Based on shortages on file, the Trustees determined that Espinosa failed to remit contributions for work performed between November 2016 through January 2017 in the amount of $76,483.43. (*Id.* ¶ 19.) Pursuant to the Collection Policy, Petitioners initiated arbitration before the designated arbitrator and mailed a Notice of Intent to Arbitrate Delinquency to Espinosa by Certified Mail. (*Id.* ¶ 22.) On April 28, 2017, the arbitrator held a hearing and rendered his award ("Award"). (*Id.* ¶ 23.) The arbitrator found that Espinosa was in violation of the terms of the applicable CBA and ordered Espinosa to pay the Trustees the sum of $95,220.09, consisting of a principal deficiency of $76,483.43, interest of $1,502.74, additional interest of $325.37, liquidated damages of $15,258.55, attorneys' fees of $900 plus interest at the rate of 10% from the date of the Award, and the arbitrator's fee of $750. (*Id.* ¶ 24.) In August 2017, Petitioners received payment of the delinquent contributions contained in the Award from Espinosa's general contractor on the Rivers Casino at Mohawk Harbor Project. (*Id.* ¶ 25.) As such, the Trustees only seek: (1) interest of $1,502.74; (2) additional interest of $325.37; (3) liquidated damages of $15,258.55; (4) attorneys' fees of $900 plus interest at the rate of 10% from the date of the Award; and (5) the arbitrator's fee of $750. (*Id.* ¶ 25.)

Espinosa has failed to abide by the Award, which has not been vacated or modified, and no application for such relief is currently pending. This petition is timely, as it was filed within the one-year statute of limitations applicable to a petition to confirm an arbitrator's award.

## DISCUSSION

### I. Relevant Standard-Unanswered Petitions to Confirm an Award

The Second Circuit has held that "default judgments in confirmation/vacatur proceedings are generally inappropriate." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006); *see also Laundry, Dry Cleaning Workers & Allied Indus. Health Fund, Unite Here! v. Jung Sun Laundry Group Corp.*, 2009 WL 704723, at *3 (E.D.N.Y. Mar. 16, 2009) ("default judgments are generally inappropriate in proceedings to confirm an arbitration award"). Instead, since a petition to confirm an arbitration award typically is accompanied by a record, district courts should treat an unanswered petition to confirm an arbitration award "as an unopposed motion for summary judgment." *D.H. Blair & Co.*, 462 F.3d at 110; *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educ. and Indus. Fund v. Alliance Workroom Corp.,* 2013 WL 6498165, at *4 (S.D.N.Y. Dec. 11, 2013).

### II. The Award is Confirmed

#### A. Liability

Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court . . . and the court must grant the award unless the award is vacated, modified or corrected." *D.H. Blair,* 462 F.3d at 110 (citing 9 U.S.C. § 9) (internal quotation marks omitted). "[C]ourts must grant an arbitrator's decision great deference." *Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor–Mgmt.*

*Cooperation, Pension & Welfare Funds v. HVH Enter. Corp.*, 2014 WL 923350, at *3 (E.D.N.Y. Mar. 10, 2014) (citation omitted) (brackets omitted). The arbitrator's basis for an award does not require an explanation, "and the award should be confirmed if a ground for the arbitrator's decision can be inferred from the facts of the case." *D.H. Blair*, 462 F.3d at 110 (quoting *Barbier v. Shearson Lehman Hutton Inc*., 948 F.2d 117, 121 (2d Cir.1991). Indeed, "[o]nly a barely colorable justification for the outcome reached by the arbitrator is necessary to confirm the award." *D.H. Blair*, 462 F.3d at 111(internal quotation marks omitted).

Petitioners have established that there remains no genuine issue of material fact for trial. The documentation before this Court establishes that Espinosa was bound by the applicable CBAs and the Collection Policy during the relevant time period, that the Trustees complied with the Collection Policy, and that the dispute was submitted to arbitration with due notice to Espinosa. Based upon sworn testimony and examination of the evidence, the Arbitrator reasonably determined that Espinosa failed to remit requested contributions to the Trustees. That the Court does not have all the documentation on which the Arbitrator relied does not preclude confirmation of the award as his "decision can be inferred from the facts of the case." *D.H. Blair*, 462 F .3d at 110 (citation omitted). Moreover, the arbitration award has not been "vacated, modified or corrected" and there appears to be no basis to do so.

### B. Damages

As previously noted, the arbitrator ordered Respondent to pay the Trustees the total sum of $95,220.09, the components of which were listed *supra*. (Am. Petition ¶ 24.) The Trustees are now only seeking $18,736.66. (*See id.* ¶ 25.) As the Arbitrator granted these sums in accordance with the CBA and Collection Policy, he has provided far more than a "barely

colorable justification." *Marine Pollution Serv., Inc. v. Local 282*, 857 F.2d 91, 94 (2d Cir. 2013).

**C.     Interest**

Under ERISA, "interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." 29 U.S.C. § 1332(g)(2). Moreover, when interest is accruing during the pendency of the action and it is explicitly requested in the complaint, such interest shall be awarded. *Ames v. STAT Fire Suppression, Inc.*, 227 F.R.D. 361, 362 (E.D.N.Y.2005). Pursuant to the Collection Policy, interest on delinquent contributions is to be calculated at the rate of 0.75% per month, and such an amount was explicitly sought in the petition. Accordingly, Espinosa will be ordered to pay interest of 0.75% per month, from the date of the arbitration award (April 28, 2017) to the date of judgment.

**D.     Attorney's Fees and Costs**

Under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), "the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant . . . ." To determine a reasonable attorney's fee, a court must calculate a "lodestar figure" which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate, yielding a presumptively reasonable fee. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Ass'n v. Cnty. of Albany*, 522 F.3d 182, 183 (2d Cir.2008); *see also Stanczyk v. City of N.Y.*, 752 F.3d 273, 284 (2d Cir.2014). This "presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay." *Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 174 (2d Cir.2009) (quoting *Arbor Hill*, 493 F.3d at 117). The Second

Circuit has explained that the lodestar rates should be comparable to those paid to attorneys who perform similar work. The reasonableness of hourly rates are guided by the market rate "[p]revailing in the community for similar services by lawyers of reasonably comparable skill, experience[,] and reputation," *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984), and the relevant community is generally the "district in which the court sits." *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir.1983).

"[R]easonable fees in this district vary from . . . $100 to $295 per hour for associates . . . ." *Trustees of Empire State Carpentars Annuity, Apprenticeship, Labor-Mgmt Coop. Pens. & Welfare Funds v. FMC Constr.*, 2014 WL 1236195 at *11 (E.D.N.Y. Mar. 25, 2014) (citations omitted); *accord Gesualdi v. Greenwood 2 Inc.*, 2014 U.S. Dist. LEXIS 45795 at *19 (E.D.N.Y. Mar. 12, 2014) (approving rates of "$225 per hour for junior associates). The party seeking the attorney's fees must provide "sufficient evidence to support the hours worked and the rates claimed[.]" *Id.* (citation omitted).

Petitioners have submitted contemporaneous time records reflecting the task completed, date, and hours worked. (*See* Am. Petition ¶ 28; Ex. J.) The total billings amount to $1,452.50 reflecting 4.9 hours of work by one associate at the rate of $225.00 per hour, and 3.5 hours of work by a legal assistant at a rate of $100 per hour. (Am. Petition ¶ 29; Ex. J.) Plaintiffs also incurred $492.85 in costs consisting of the $400 court filing fee, a $90 service fee, postage, and a courtlink fee. (Am. Petition ¶ 33; Ex. J.) The attorneys' fees and costs are reasonable. *See generally Martone v. HST Roofing, Inc.,* 2007 WL 595054 at *3 (E.D.N.Y. Feb. 22, 2007) (holding up to 20 hours of work on an ERISA default judgment to be reasonable); *Alland v. Consumers Credit Corp.*, 476 F.2d 951 (2d Cir.1973) ("costs" generally include such expenses as filing fees).

## CONCLUSION

For the reasons set forth above, the petition to confirm the arbitration award dated April 28, 2017, is granted.  The Clerk of Court shall enter judgment in favor of Petitioners and against Respondent confirming the April 28, 2017 arbitration award and awarding Petitioners the outstanding amount of the arbitration award ($18,736.66), plus interest on the $900 of attorneys' fees included in the Award at the rate of 10% from the date of the arbitration award (April 28, 2017) to the date of judgment, and attorneys' fees and costs for the instant action in the amount of $1,945.35.  The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: Central Islip, New York
    February 14, 2019                              /s/
                                         Denis R. Hurley
                                         United States District Judge